Bonnie **HENDERSON**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 58A01–0511–CR–520.

Court of Appeals of Indiana.

June 1, 2006.

Leanna Weissmann, Lawrenceburg, for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Bonnie Henderson appeals from the sentence imposed by the trial court following her guilty plea to Conspiracy to Commit Arson with Intent to Defraud,[1] a class C felony. In particular, Henderson argues that the trial court considered an improper aggravating circumstance, failed to consider a mitigating circumstance, erred in weighing aggravators and mitigators, and imposed a sentence that is inappropriate in light of the nature of the offense and her character. Henderson also argues that the trial court

---

1. Ind.Code § 35–43–1–1(c); 35–41–2–4.

erred in ordering her to pay restitution to Allstate Insurance Company (Allstate) in the amount of $20,932.48 because an insurance company's investigative expenses are not compensable as criminal restitution. Finding that the trial court properly sentenced Henderson and improperly ordered her to pay restitution to Allstate, we affirm in part, reverse in part, and remand with instructions to amend the restitution order by removing that portion of the order requiring Henderson to pay restitution to Allstate.

### FACTS

Henderson owned a trailer in Rising Sun, but she had recently sold it on land contract to Mark Johnson, who was in the process of making improvements to the trailer. On October 2, 2003, Henderson, her sister, Connie Emery, and Emery's son, Glen Richards, agreed to set fire to the trailer. Henderson offered Richards, who was upset because he had just lost his job, $2500 to help her set the fire. Emery drove Henderson and Richards to the trailer, and Henderson and Richards, who had covered their hands with socks, entered the trailer through a window. Next, they poured an accelerant into the trailer and turned on the gas stove, igniting multiple fires.

Dearborn County Deputy Sheriff Kevin Clapp happened to discover the fire while out on patrol, kicked in the front door, and entered the trailer to make sure that no one was inside. In doing so, the deputy inhaled smoke. Rising Sun Volunteer Fire Chief Kevin Armstrong entered the trailer and detected the odor of gas, which was apparently coming from the open valves on the stove.

The fire caused extensive damage to the trailer, and Henderson filed an insurance claim for $20,000 to $25,000. An Allstate investigator testified that Allstate expended $20,932.48 in investigating the fire.

On June 22, 2004, the State charged Henderson with class B felony arson, class B felony to commit arson, class B felony arson for hire, class B felony conspiracy to commit arson for hire, class C felony arson with intent to defraud, class C felony conspiracy to commit arson with intent to defraud, and class D felony fraud. On July 14, 2005, Henderson pleaded guilty to class C felony conspiracy to commit arson with intent to defraud in exchange for the dismissal of the remaining charges.[2]

On August 25, 2005, the trial court conducted a sentencing hearing. The trial court found Henderson's criminal history, consisting of a 1990 Ohio conviction for possession of a schedule IV drug, as the sole aggravating factor. As a mitigating circumstance, the trial court considered Henderson's guilty plea, which showed her willingness to take responsibility for the crime, avoided a jury trial, and conserved the assets of the State and the court. Concluding that the aggravator and mitigators were equally balanced, the trial court imposed the four-year presumptive sentence with two years suspended to probation.

As a condition of probation, the trial court ordered Henderson to pay restitution to Johnson—the person to whom she had sold the trailer on contract—in the amount of $965 and to Allstate in the amount of $20,932.48. The trial court ordered her to pay the restitution in monthly

---

2. Both parties note that despite the trial court's statement to the contrary, there is no written plea agreement in the record on appeal or in the trial court's file, nor is a written agreement referenced in the Chronological Case Summary. Henderson states that she entered an open plea to the court. Reply Br. p. 1 n. 1.

installments of $50. Henderson now appeals.

## DISCUSSION AND DECISION

### I. Sentencing

█ Henderson first argues that the trial court erred in imposing her sentence. Specifically, she contends that the trial court considered an improper aggravator, failed to consider a mitigator, improperly weighed the aggravating and mitigating circumstances, and imposed a sentence that is inappropriate in light of the nature of the offense and her character.

█ As we consider these arguments, we observe that sentencing determinations are within the sound discretion of the trial court, and we will only reverse for an abuse of discretion. *Krumm v. State*, 793 N.E.2d 1170, 1186 (Ind.Ct.App.2003). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

█ In a sentencing statement, a trial court must identify all significant aggravating and mitigating factors, explain why such factors were found, and balance the factors in arriving at the sentence. *Bryant v. State*, 841 N.E.2d 1154, 1156 (Ind.2006). A trial court is not obligated to weigh a mitigating factor as heavily as the defendant requests. *Smallwood v. State*, 773 N.E.2d 259, 263 (Ind.2002).

Henderson first contends that the trial court erred in considering her prior criminal history to be an aggravating factor, inasmuch as her single prior conviction occurred nearly fifteen years prior to the time of the sentencing hearing herein. Additionally, it was a nonviolent conviction for drug possession in Ohio and is equivalent to an Indiana class C misdemeanor. We have noted in the past that when a defendant "seeks to diminish the relevance of a criminal record by emphasizing its remoteness or nonviolent character, neither factor precludes the trial court from using such prior convictions as aggravating circumstances." *Carlson v. State*, 716 N.E.2d 469, 473 (Ind.Ct.App.1999). While we agree that Henderson's criminal history should not have been weighed heavily, nothing in the record leads us to conclude that the trial court erred in considering this aggravating factor. Moreover, that the trial court imposed the presumptive sentence and suspended two years of that sentence establishes that it did not give significant weight to this aggravator.

Henderson also argues that the trial court erred in failing to consider her poor health to be a mitigating circumstance. Specifically, the record reveals that she receives treatment for depression, anxiety, diabetes, acid reflux, bladder prolapse, hyperthyroidism, hypertension, and arthritis in her left shoulder. The trial court took note of Henderson's "extensive illnesses," Appellant's App. p. 60, but did not consider her illnesses to be a mitigating circumstance.

█ When a defendant offers evidence of mitigators, the trial court has the discretion to determine whether the factors are mitigating, and it is not required to explain why it does not find the proffered factors to be mitigating. *Haddock v. State*, 800 N.E.2d 242, 245 (Ind.Ct.App. 2003). An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Gray v. State*, 790 N.E.2d 174, 177 (Ind.Ct. App.2003).

The trial court clearly recognized Henderson's illnesses; consequently, it did not simply overlook her poor health, as Henderson suggests. Moreover, there is

no evidence in the record establishing that Henderson's multiple health problems should be a factor in determining an appropriate period of incarceration. Henderson takes medication for most of these conditions, and she did not present any evidence demonstrating that her medical conditions would be untreatable during incarceration or would render incarceration a hardship. Accordingly, we conclude that the trial court did not err in declining to consider Henderson's poor health to be a mitigating circumstance.

Henderson next argues that the trial court erred in balancing the aggravator and mitigator. In particular, she contends that the sole aggravator, her prior criminal history, should not balance equally with the mitigating circumstance. As to the mitigator, we note that because the State agreed to dismiss four class B felonies and one class D felony in exchange for Henderson's guilty plea to one class C felony, she reaped a substantial benefit from her guilty plea. Under these circumstances, the trial court was not required to give significant mitigating weight to Henderson's plea of guilty. *Wells v. State,* 836 N.E.2d 475, 479 (Ind.Ct.App.2005), *trans. denied.* The trial court imposed the presumptive sentence—four years of incarceration—and suspended two years of that sentence to probation. It is apparent, therefore, that the trial court did not afford significant aggravating weight to Henderson's criminal history. Thus, we conclude that the trial court properly weighed the aggravator and mitigator.

Henderson's final argument with respect to her sentence is that it is inappropriate in light of the nature of the offense and her character. Ind. Appellate Rule 7(B). As to the nature of the offense, Henderson and her nephew poured an accelerant on the floor of the trailer that she had sold to Johnson on contract and then ignited it, causing a fire that caused a passing police officer to risk his life to ensure that no one was inside. Henderson's fraudulent attempt to obtain insurance money risked the lives of everyone in proximity to the burning trailer.

As to Henderson's character, we acknowledge that her life has not been easy. Her husband died in 1999 and her thirty-two-year-old son died three years later, in 2002. Following those events, Henderson succumbed to anxiety and depression, and since that time, her sole income has been the survivor's benefit from her husband's company, which totals $1,161 per month. Moreover, she struggles with a number of serious medical conditions.

On the other hand, Henderson decided to burn down the trailer that she had recently sold on contract to a family friend. She convinced her sister and nephew to assist her. While Henderson is on a fixed income, by her own admission, she gambles frequently, drinks alcohol frequently, and smokes heavily despite her numerous medical conditions. We agree that Henderson is "not the worst of all offenders," Appellant's Br. p. 12, but the trial court clearly acknowledged that fact when it imposed the presumptive sentence and suspended half of it. Accordingly, we cannot say that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and Henderson's character.

## II. Restitution Order

Henderson next argues that the trial court erred in ordering her to pay restitution in the amount of $20,932.48 to Allstate for the expenses it incurred in investigating the fire. As we consider this argument, we observe that a trial court has the authority to order a defendant convicted of a crime to make restitution to the victims of the crime. Ind.Code § 35–

50–5–3. The purpose of a restitution order is to impress upon the criminal defendant the magnitude of the loss he has caused and to defray costs to the victims caused by the offense. *Carswell v. State,* 721 N.E.2d 1255, 1259 (Ind.Ct.App.1999). An order of restitution is a matter within the sound discretion of the trial court, and we will only reverse upon a showing of an abuse of that discretion. *Roach v. State,* 695 N.E.2d 934, 943 (Ind.1998). An abuse of discretion occurs if the court's decision is clearly against the logic and effects of the facts and circumstances before it. *Palmer v. State,* 704 N.E.2d 124, 127 (Ind. 1999).

Henderson argues that an insurance company's investigative expenses are not compensable as restitution. Indiana Code section 35–50–5–3 provides, in relevant part, as follows:

(a) ... in addition to any sentence imposed under this article for a felony or misdemeanor, the court may, as a condition of probation ..., order the person to make restitution to the victim of the crime .... The court shall base its restitution order upon a consideration of:

(1) property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate);

(2) medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime;

(3) the cost of medical laboratory tests to determine if the crime has caused the victim to contract a disease or other medical condition;

(4) earnings lost by the victim (before the date of sentencing) as a result of the crime including earnings lost while the victim was hospitalized or participating in the investigation or trial of the crime; and

(5) funeral, burial, or cremation costs incurred by the family or estate of a homicide victim as a result of the crime.

Henderson does not dispute that Allstate was a victim of the crime. *Little v. State,* 839 N.E.2d 807, 809 (Ind.Ct.App.2005) (holding that an insurer may be a "victim" within the meaning of the restitution statute). Rather, Henderson argues that the $20,932.48 of investigative expenses incurred by Allstate is not "earnings lost by" Allstate. Thus, this restitution order does not fall into a permissible statutory category.

"Earnings" is defined as "[r]evenue gained from labor or services, from the investment of capital, or from assets." Black's Law Dictionary 526 (7th ed.1999). "Lost earnings" is defined as "[w]ages, salary, or other income that a person could have earned if he or she had not lost a job, suffered a disabling injury, or died." *Id.* Here, Allstate seeks money that it *expended,* not money that it *lost.* While Allstate unquestionably incurred approximately $20,000 in investigative expenses, there is no evidence that it lost any revenue or other income as a result.

It is apparent—and, indeed, Henderson admits—that Allstate has a civil claim against Henderson to recover the expenses it incurred in investigating the fire. But under these circumstances, Allstate is not entitled to restitution pursuant to a criminal proceeding because the losses that it incurred do not fall into a statutorily compensable category of restitution. Consequently, we conclude that the trial court erred in ordering Henderson to pay restitution to Allstate as a condition of probation.

The judgment of the trial court is affirmed in part, reversed in part, and re-

manded with instructions to amend the restitution order by removing that portion of the order requiring Henderson to pay restitution to Allstate.

MAY, J., concurs.

SULLIVAN, J., concurs in result with opinion.

SULLIVAN, Judge, concurring in result.

Although the sentencing in this case took place after the effective date of the amendatory legislation concerning the applicable sentencing scheme, our review is appropriately made under the pre-existing statutory framework. *Weaver v. State*, 845 N.E.2d 1066 (Ind.Ct.App.2006). *See also Patterson v. State*,846 N.E.2d 723 (Ind.Ct.App., 2006). *But see Samaniego-*

*Hernandez v. State*, 839 N.E.2d 798 (Ind. Ct.App.2005) [3]

Here, although the presumptive/advisory sentence was imposed, the trial court chose to articulate aggravating and mitigating circumstances and found them to be equally balanced. When a sentencing court articulates aggravating and mitigating circumstances we have held that the court must state its reasons for the sentence imposed. *Gasper v. State*, 833 N.E.2d 1036, 1044–45 (Ind.Ct.App.2005), *trans. denied.* Furthermore, it has been held that under the previous sentencing scheme the court was required to identify aggravating and mitigating circumstances "in every instance *except* when the trial court imposes the presumptive sentence." *Frey v. State*, 841 N.E.2d 231, 234 (Ind.Ct. App.2006).[4]

**3.** The difference of opinion reflected by these cases is as to whether the "advisory" sentence amendments to the sentencing scheme previously in place are procedural or substantive and therefore whether the law relating to consideration of aggravating and mitigating circumstances is to be given retroactive effect. I would join the view as set forth in *Weaver*. Parenthetically, I would observe that *Samaniego–Hernandez* is in error in stating that the new scheme provides "a range with an advisory sentence *rather than a fixed* or presumptive sentence." 839 N.E.2d at 805 (emphasis supplied). As that very decision notes, the new statute clearly provides that the sentence for all felonies shall be for *"a fixed term"* of between [x years or months] and [y years]. *Id.* at n. 8. *See also* Ind.Code §§ 35–50–2–3, 35–50–2–4, 35–50–2–5, 35–50–2–6 and 35–50–2–7 (Burns Code Ed. Supp.2005).

**4.** It should be noted that under the current sentencing scheme, Ind.Code § 35–38–1–7.1 (Burns Code Ed. Supp.2005), the sentencing court *may* consider aggravating and mitigating circumstances. However, it is not required to do so. This conclusion is to be derived from the clear provision of sub-section (d) of the statute which provides that a court may impose any sentence authorized by statute and permissible under the Indiana Constitution "regardless of the presence or

absence of aggravating circumstances or mitigating circumstances."

The narrow language of Indiana Code § 35–38–1–3 (Burns Code Ed. Repl.1998), still in effect under the new "advisory" scheme, would appear to require a statement of the reasons for selecting the sentence that it imposes only *"[i]f the court finds aggravating circumstances or mitigating circumstances."* (Emphasis supplied). The case law, however, had developed otherwise, and it was commonly accepted under the prior sentencing scheme that in order to impose more or less than the presumptive sentence the court was required to state its reasons for doing so by articulating aggravating and/or mitigating circumstances. *Neale v. State*, 826 N.E.2d 635, 637 (Ind.2005).

As I.C. § 35–38–1–7.1 existed prior to the 2005 amendment, the trial court was required to consider certain enumerated factors in determining what sentence to impose. However, other separately enumerated factors were permitted to be considered but not required to be considered. In the latter regard, therefore, the prior statute approximated the statute in its current form. *See Anglemyer v. State*, 845 N.E.2d 1087 (Ind.Ct.App.2006).

Whether under the current scheme a court imposing less or more than the advisory sentence is required to state its reasons for doing

Notwithstanding the fluid status of the requirements for sentencing defendants under the current statutory scheme vis-à-vis the former scheme, the trial court here chose to articulate aggravating and mitigating circumstance in imposing the four-year advisory/presumptive sentence. Appellate case law has not yet developed to give us clear insight into whether under certain, if not all, circumstances the sentencing court is required to articulate the reasons for the particular sentence imposed and whether in doing so it must set forth the aggravating and mitigating circumstances found to exist. Neither has our General Assembly had sufficient time to reflect upon the arguably hasty draftsmanship which led to the statute in its present form and to make changes which are appropriate to the purposes and policies underlying the sentencing scheme for Indiana consistent with U.S. and State constitutional dictates. *See* Michael R. Limrick, *Senate Bill 96: How General Assembly Returned Problem of Uniform Sentencing to Indiana's Appellate Courts,* RES GESTAE, January/February 2006, at 18.

Subject to the comments herein, I concur in the affirmance of the advisory/presumptive sentence imposed. I further concur in the opinion with respect to restitution.

so by referencing aggravators and mitigators is not made clear either by the statutes in place or by existing case law. *But see Anglemyer, supra.*