**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Mar 22 2013, 8:46 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**EVAN B. BRODERICK**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LISA M. ROOKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1206-CR-492 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable David Happe, Judge
Cause No. 48D04-1102-FD-145

**March 22, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Lisa Rooker appeals the three-year sentence imposed by the trial court for Class D felony operating a vehicle while intoxicated ("OWI"). We affirm.

**Issue**

The sole issue Rooker raises is whether the trial court abused its discretion in sentencing her.

**Facts**

On February 1, 2011, Rooker was driving on State Road 9 in Madison County when she drifted into the oncoming lane of traffic, striking another vehicle coming from the other direction and causing severe whiplash to the other driver. The first responding officer noticed the smell of alcohol in Rooker's vehicle, but Rooker denied having recently drunk alcohol. Another officer later noticed that Rooker smelled of alcohol, had slurred speech and glassy eyes, and stumbled when walking. At the hospital where she received treatment after the accident, Rooker provided hospital staff with a glass of tap water when she was asked to provide a urine sample. After originally refusing to provide a breath sample to law enforcement, Rooker later offered to provide a sample, but she failed to provide an adequate breath sample three times. After the failures, Rooker said, "good with no number they won't be able to prove it in court." Tr. p. 104. Rooker never provided an adequate breath sample.

The State charged Rooker with Class B misdemeanor public intoxication, Class A misdemeanor OWI endangering a person, and Class D felony OWI based upon a prior

2

OWI conviction within the previous five years. In a bifurcated trial, a jury first found Rooker guilty of public intoxication and Class A misdemeanor OWI, and she then pled guilty to the Class D felony OWI charge. At sentencing the trial court found as aggravators Rooker's criminal history, the seriousness of the accident she caused, and her attempt to hide her alcohol consumption by, for example, providing a glass of water to hospital staff instead of a urine sample. As mitigators, the trial court noted Rooker's employment history and expression of remorse, although it did not find that expression very convincing. The trial court merged the misdemeanor OWI with the felony OWI, and sentenced her to three years or 1095 days on the OWI conviction, with 574 days executed, 574 days suspended, and credit for one day served. It also sentenced her to 180 days on the public intoxication conviction to be served concurrently with the OWI sentence. Rooker now appeals her sentence.

**Analysis**

Rooker contends the trial court abused its discretion in sentencing her by overlooking mitigating circumstances. An abuse of discretion in identifying or not identifying aggravators and mitigators occurs if it is "'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007) (quoting K.S. v. State, 849 N.E.2d 538, 544 (Ind. 2006)). Additionally, an abuse of discretion occurs if the record does not support the reasons given for imposing sentence, or the sentencing statement omits reasons that are clearly supported by the

3

record and advanced for consideration, or the reasons given are improper as a matter of law. Id. at 490-91. "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." Id. at 493.

Rooker first contends that the trial court should have found her troubled childhood, as related in the presentence investigation report, to be a mitigating circumstance. However, at sentencing Rooker did not ask the trial court to consider this a mitigating circumstance. We generally will not find an abuse of discretion if a trial court fails to consider an alleged mitigating factor that was not raised at sentencing. Anglemyer, 868 N.E.2d at 492. Our supreme court has recognized an exception to this rule for guilty pleas, which trial courts inherently should be aware can be mitigating. Anglemyer v. State, 875 N.E.2d 218, 220 (Ind. 2007). A troubled childhood, by contrast, has repeatedly been held to warrant "'little, if any, mitigating weight . . . .'" See, e.g., Patterson v. State, 909 N.E.2d 1058, 1062-63 (Ind. Ct. App. 2009) (quoting Ritchie v. State, 875 N.E.2d 706, 725 (Ind. 2007)). Given Rooker's failure to argue her childhood as a mitigating circumstance before the trial court, we apply the general presumption that it did not constitute a significant mitigating circumstance. See Anglemyer, 875 N.E.2d at 220 (quoting Spears v. State, 735 N.E.2d 1161, 1167 (Ind. 2000)).

Next, we address Rooker's claim that the trial court should have assigned mitigating weight to her guilty plea to the Class D felony enhancement to the OWI charge. The significance of a guilty plea as a mitigating circumstance varies from case to

4

case. Id. at 221. Specifically, a guilty plea may not be a significant mitigating circumstance if it is clear the decision to plead guilty was merely a pragmatic one because of the weight of the State's evidence. Rogers v. State, 878 N.E.2d 269, 273 (Ind. Ct. App. 2007), trans. denied. Here, there seems to have been virtually no doubt that Rooker had the prior conviction necessary to support enhancement of her OWI conviction to a Class D felony, meaning a guilty verdict on that issue would or should have been a foregone conclusion. Additionally, Rooker's guilty plea did not save the State the time and expense of conducting a jury trial, as a jury trial was in fact conducted on the public intoxication and misdemeanor OWI charges in the first part of the bifurcated trial. Given these factors, we cannot say Rooker's guilty plea was a significant mitigating circumstance and the trial court did not abuse its discretion in failing to mention it.

Finally, Rooker argues that the trial court should have given mitigating weight to evidence she presented at sentencing of her health concerns. Specifically, at Rooker's first sentencing hearing, she informed the trial court that she had recently discovered a lump on her breast and requested a continuance of sentencing so she could visit a doctor and undergo testing. The trial court granted this continuance. At the second hearing held two months later, Rooker did not indicate the results of any testing regarding her breast, but did say that she recently had a "bad" pap smear and needed to undergo further testing, and possibly have a hysterectomy. Tr. p. 225. Rooker did not submit any documentary evidence regarding the precise scope or nature of her health problems.

5

Although it is unfortunate that Rooker may be facing health challenges, incarcerated prisoners are entitled to receive health care, as noted by the trial court. See Ind. Code § 11-10-3-2(c). Rooker failed to present evidence that her health problems— or potential health problems, given that their scope is presently unclear—"would be untreatable during incarceration or would render incarceration a hardship." See Henderson v. State, 848 N.E.2d 341, 345 (Ind. Ct. App. 2006). As such, we cannot say the trial court abused its discretion in failing to recognize Rooker's health as a mitigating circumstance. See id.

## Conclusion

The trial court did not abuse its discretion in failing to find the three alleged mitigating circumstances that Rooker advances on appeal. We affirm her sentence.

Affirmed.

BAKER, J., and RILEY, J., concur.

6