**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MICHELLE F. KRAUS**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GRAHAM T. YOUNGS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KRISTOPHER SOUTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1405-CR-170 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D04-1312-FD-1333

**January 8, 2015**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Kristopher Souter appeals the $2500 restitution order imposed by trial court following his guilty plea to class D felony Receiving Stolen Property[1] and Class B misdemeanor False Informing.[2] Finding that the trial court erred in determining the amount of restitution, we reverse and remand with instructions to recalculate the restitution owed by Souter.

## FACTS

On November 29, 2013, Yasas Pelendagama Arachchige called the Fort Wayne Police Department to report that his apartment had been burglarized. Several items were stolen, including a flat screen television, personal clothing, earphones, and iPods.

Souter was located by police in the bathroom of a nearby apartment. He told officers that his name was Kristopher Tolbert, and the officers later learned that his name was Kristopher Souter. Officers found an iPod in the bathroom where Souter was found. The serial number on the iPod matched the serial number of an iPod that had been stolen from Arachchige.

On December 5, 2013, the State charged Souter with receiving stolen property and false informing. On March 3, 2014, Souter pleaded guilty to both counts. At his guilty plea hearing, Souter admitted that he had had possessed an iPod that did not belong to him and that it was the subject of a theft. At his sentencing hearing on April 28, 2014, Souter was sentenced to one year and 183 days for the receiving stolen property

[1] Ind. Code § 35-43-4-2.

[2] Ind. Code § 35-44.1-2-3(d)(1).

conviction and to 183 days for the false informing conviction, to run concurrently. The sentence was suspended according to the terms of Souter's plea agreement.

In addition to the above sentence, the trial court also ordered Souter to pay $2500 in restitution. The plea agreement provided: "[t]he parties agree to have a hearing on restitution. The Court shall determine the amount of restitution, if any." Appellant's App. p. 15. The pre-sentencing investigation (PSI) report listed the amount of actual loss reported by Arachchige as $2500. Souter argued that because he had returned the iPod to Arachchige, there should be no restitution ordered. The trial court determined that Souter would pay restitution because he was acting in concert with others and "they're all equally guilty." Sentencing Tr. p. 15. Souter now appeals.

### DISCUSSION AND DECISION

Souter argues that the trial court erred when it ordered $2500 in restitution, which exceeded the amount of loss caused by the crimes to which he pleaded guilty. A trial court has the authority to order a defendant convicted of a crime to make restitution to the victims of the crime. Ind. Code § 35-50-5-3. A restitution order is well within the trial court's sound discretion, and we will reverse only upon a showing of an abuse of that discretion. Henderson v. State, 848 N.E.2d 341, 346 (Ind. Ct. App. 2006). An abuse of discretion occurs if the court's decision is clearly against the logic and effects of the facts and circumstances before it. Id. An abuse of discretion may also occur where the trial court misinterprets or misapplies the law. Kimbrough v. State, 911 N.E.2d 621, 639 (Ind.

3

Ct. App. 2009). Additionally, the restitution order must be supported by sufficient evidence of the victim's loss. Gil v. State, 988 N.E.2d 1231, 1235 (Ind. Ct. App. 2013).

The State argues that the probable cause affidavit and the amount of loss reported by the victim in the PSI report provide sufficient evidence to support the trial court's restitution order. In the PSI report, Arachchige states that his losses from the burglary of his residence totaled $2500, the deductible on the claim he sent to his insurance company after the burglary. PSI report p. 40. The State maintains that this information, along with information in the probable cause affidavit showing that police discovered Souter in an apartment with other individuals who were talking about the burglary, one of whom was wearing Arachchige's clothing, is enough to support the restitution order.

Souter argues that the trial court erred when it imposed restitution for the amount of loss resulting from the burglary, a crime to which he did not plead guilty. In support of this argument, Souter cites Polen v. State, 578 N.E.2d 755, 758 (Ind. Ct. App. 1991), in which a panel of this Court determined that it was error for the trial court to order restitution for losses due to crimes to which defendant did not plead guilty, of which she was not convicted, and for which she did not agree to pay restitution. The State maintains that Polen does not apply, because here Souter agreed to be "bound by the discretion of the trial court with respect to the restitution imposed." Appellee's Br. p. 10.

We cannot agree with the State. While Arachchige's losses from the burglary may total $2500, Souter did not plead guilty to the burglary. He pleaded guilty to receiving stolen property and admitted to possessing the iPod. We see no reason to distinguish the

4

plea agreement in the instant case from that in Polen. Polen's plea agreement stated "there is no agreement as to the issue of restitution, other than it is agreed that each side shall be allowed to present evidence regarding said issue for the Court to decide." 578 N.E.2d at 757. Likewise, Souter's plea agreement states: "[t]he parties agree to have a hearing on restitution. The Court shall determine the amount of restitution, if any." Appellant's App. p. 15. Both of these provisions have the same meaning: that evidence regarding restitution will be presented, or that a hearing will be held, and that the trial court will determine the amount of restitution. We do not find that Souter agreed to pay restitution beyond the amount of loss caused by the crimes to which he pleaded guilty.

We find that the trial court erred when it ordered restitution in an amount greater than the sums involved in those crimes to which Souter actually pleaded guilty. We reverse the restitution order imposed by the trial court and remand to the trial court the recalculation of the restitution amount.

The judgment of the trial court is reversed and remanded.

VAIDIK, C.J., and RILEY, J., concur.