## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 30 2015, 10:10 am

*Kevin S. Smith*

**CLERK**

of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin M. Plummer,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 30, 2015

Court of Appeals Cause No. 01A02-1411-CR-824

Appeal from the Adams Superior Court.

The Honorable Patrick R. Miller, Judge.

Cause No. 01D01-1301-FA-1

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Kevin M. Plummer (Plummer), appeals his sentence and order for restitution following his guilty plea for child molesting, a Class C felony, Ind. Code § 35-42-4-3 (2013).

We affirm in part, reverse in part, and remand with instructions.

## ISSUES

Plummer raises two issues on appeal, which we restate as follows:

(1)     Whether his maximum sentence of eight years was appropriate in light of the nature of the offense and his character; and

(2)     Whether the trial court abused its discretion when it ordered Plummer to pay restitution in the amount of $3,068.68.

## FACTS AND PROCEDURAL HISTORY

Between February and May of 2012, Plummer exercised his weekend parenting time with his minor daughter, V.P., who was then thirteen years old. After her younger half-siblings would go to sleep, Plummer required V.P. to dress in "weird" clothing: lingerie, a feather boa, thigh high nylons, high heels, and short skirts. (Appellant's App. p. 328). During one weekend, Plummer showed V.P. a bag containing thongs of various colors, which were "for her to wear in the future." (Appellant's App. p. 328). If V.P. refused to change, Plummer

would yell at her and ball his fist. V.P. complied so "she would not get hurt." (Appellant's App. p. 328). After she was dressed, Plummer told her to sit on the couch next to him. With each parenting time, Plummer's attire diminished, ranging from pajama bottoms, to boxer shorts, to a lime green thong.

[5] On one occasion, Plummer asked V.P. to remove his boxer shorts, which she refused. After he had removed the boxer shorts himself, Plummer began rubbing her leg with his hand. Another time, Plummer came into V.P.'s bedroom naked and demanded that she get on the couch where he rubbed his penis on her. During a parenting time weekend in March of 2012, Plummer removed his clothing, rubbed his penis back and forth on V.P.'s vagina and, in doing so, penetrated her vagina. Plummer insisted that V.P. keep quiet about the clothing and his actions.

[6] On June 5, 2012, the State filed an Information, charging Plummer with Count I, child molesting, a Class A felony; Count II, incest, a Class B felony; and Count III, performing sexual conduct in the presence of a minor, a Class D felony. On September 22, 2014, the day before his trial, Plummer entered into a plea agreement with the State pursuant to which he agreed to plead guilty to an amended charge of Class C felony child molesting in exchange for the State dismissing the other Counts, with sentencing left to the discretion of the trial court. On October 31, 2014, the trial court conducted a sentencing hearing. At the close of the evidence, the trial court sentenced Plummer to eight years executed at the Department of Correction and ordered him to pay restitution in the amount of $3,068.68.

Plummer now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Appropriateness of Sentence*

Plummer contends that his sentence is inappropriate in light of the nature of the offense and his character. Although a trial court may have acted within its lawful discretion in imposing a sentence, Indiana Appellate Rule 7(B) provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Upon reviewing a sentence for appropriateness, an appellate court does not merely substitute its judgment for that of the trial court; instead, we are required to give the trial court's decision "due consideration." *Akard v. State*, 937 N.E.2d 811, 813 (Ind. 2010). Thus, the "principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived correct result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Therefore, the question under Appellate Rule 7(B) is "not whether another sentence is more appropriate" but rather "whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Whether this court regards a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light

in a given case. *Suprenant v. State*, 925 N.E.2d 1280, 1284 (Ind. Ct. App. 2010), *trans. denied*. Nonetheless, the defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). As such, a defendant must establish that his sentence is inappropriate both in light of his character and the nature of the offense. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008).

[9] Here, Plummer pled guilty to child molesting as a Class C felony. The advisory term for a Class C felony is four years with the minimum and maximum terms being two and eight years, respectively. I.C. § 35-50-5-6 (2013). At the sentencing hearing, the trial court imposed the maximum sentence of eight years.

[10] With respect to the nature of Plummer's offense, we note at the outset that "[c]rimes against children are particularly contemptible." *Walker v. State*, 747 N.E.2d 536, 538 (Ind. 2001). Plummer's crime is even more despicable in light of V.P.'s grooming over a period of four months and his insistence that she wear "weird" clothing. (Appellant's App. p. 328). Plummer's increasingly sexualized behavior with his daughter not only destroyed V.P.'s childhood but also damaged the relationship with her half-siblings and her stepfather. During the two years preceding the guilty plea, V.P. was called a "liar," and she blames herself for having "ripped [her] family apart and [she's] the one who can't take it back." (Transcript p. 135). Despite these overwhelming feelings of guilt, she is "still glad [she] told." (Tr. p. 135). During the sentencing hearing, V.P. divulged of being "broken because of this." (Tr. p. 136) "To this day, [she] is

deathly scared of men. [She] would come home every weekend and hide in [her] room because [she] thought [her] step-dad would do the same thing. . . . So [she'd] come home and hide but that fear never went away." (Tr. p. 136). As explained by V.P.'s mother, Plummer's actions had a devastating impact on the entire family:

> The whole dynamic of our family has changed. Little things that we took for granted, impulsive hugs, sneak up behind and tickling sides. The loss of a special friendship. The anger towards anyone and everyone. The isolation and fear. I watched my beautiful little girl turn into an angry young woman. . . . She started wearing long sleeve shirts or jackets all the time. Now I know it was because she felt dead inside. She used a piece of glass to cut her arms. She just wanted to feel something.

(Tr. p. 137).

[11]     Turning to his character, we note that Plummer does not have a criminal history. Even though Plummer was originally charged with a Class A felony child molesting, as a benefit to pleading guilty the Class A felony was amended to a Class C felony, resulting in a significant sentence reduction. While we agree with Plummer that there is an absence of physical injuries, we cannot ignore the pattern of grooming a young child to submit to unwanted touches to satisfy the perpetrator's own sexual pleasures and the resulting emotional toll on V.P. He violated the love and trust a daughter bestows on her father to more easily commit these crimes. We disagree with Plummer's suggestion that by pleading guilty, he "extended a substantial benefit to the State." (Appellant's Br. p. 12). In fact, by pleading guilty the day before the trial was scheduled to commence, he forced the victim and her family to live through the preparations

and stress of a pending jury trial. In light of the evidence before us, we conclude that Plummer's eight-year sentence is appropriate in light of the nature of the offense and his character.

## II. *Restitution*

[12] Next, Plummer asserts that the trial court abused its discretion when it ordered Plummer to pay restitution in the amount of $3,068.68. Specifically, Plummer asserts that a mere notation by a probation officer of a victim's desire to seek restitution without offering any underlying supporting evidence at trial, is not sufficient to justify a restitution award. In response, the State asserts that because Plummer failed to object to the restitution order during the sentencing hearing, he has waived the issue for our review.

[13] This court has long held that a defendant who fails to object at trial to the entry of a restitution order or to the admission of evidence concerning the amount of restitution waives appellate review of the issue. *See Long v. State*, 867 N.E.2d 606, 618 (Ind. Ct. App. 2007). However, as this court has recently noted, "the vast weight of the recent caselaw in this state indicates that appellate courts will review a trial court's restitution order even where the defendant did not object based on the rationale that a restitution order is part of the sentence, and it is the duty of the appellate courts to bring illegal sentences into compliance. *See, e.g.*, *Rich v. State*, 890 N.E.2d 44, 48 (Ind. Ct. App. 2008). We agree with the weight of authority and will therefore proceed to address Plummer's argument on the merits.

[14] Plummer argues that the State did not submit any evidence to establish the victim's loss and to support the trial court's order of restitution. "The purpose of a restitution order is to impress upon the criminal defendant the magnitude of the loss he has caused and to defray the costs to the victims caused by the offense." *Henderson v. State*, 848 N.E.2d 341, 346 (Ind. Ct. App. 2006). It is within the trial court's discretion to order restitution, and we will reverse only for an abuse of that discretion. *Id*. An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or if the trial court misinterprets or misapplies the law. *Id*.

[15] Indiana Code section 35-50-5-3(a)(2) provides that, in addition to any sentence imposed for a felony or misdemeanor, a court may order the payment of restitution to the victim of the crime. "The court shall base its restitution order upon a consideration of: (2) medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime[.]" I.C. § 35-50-5-3(a)(2). Thus, a trial court's restitution order must be supported by sufficient evidence of a victim's actual loss. *Rich*, 890 N.E.2d at 49. We have previously held that "the amount of actual loss is a factual matter that can be determined only upon a presentation of the evidence." *Bennet v. State*, 862 N.E.2d 1281, 1286 (Ind. Ct. App. 2007). "Evidence supporting a restitution order is sufficient 'if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.'" *J.H. v. State*, 950 N.E.2d 731, 734 (Ind. Ct. App.

2011) (*quoting M.L. v. State*, 838 N.E.2d 525, 528 (Ind. Ct. App. 2005), *trans. denied*)).

[16] Here, the only evidence before the trial court was the probation officer's unsupported assertion that the "victim did not provide any statement, but requests $3,068.68 in restitution." (Appellant's App. p. 321). During the sentencing hearing, the trial court noted on the basis of the pre-sentence investigation report that "the victim [has] asked for restitution in this matter in the sum of $3,068.68. I've heard no testimony or, or opposition to that so I'm going to go ahead and order that to be due and owing[.]" (Tr. p. 147). In support of the amount, the State now refers to V.P.'s mother's testimony that V.P. had to visit "countless doctor's appointments, psychiatrists and she's needed some unnecessary procedures done." (Tr. p. 138).

[17] Without any further evidence or supporting documentation that the award covers "costs to the victim caused by the offense," the amount is merely based on "speculation or conjecture" and insufficient to support the restitution award. *See Henderson*, 848 N.E.2d at 346; *J.H.*, 950 N.E.2d at 734. Therefore, finding that the trial court abused its discretion, we reverse the restitution order but remand the cause to the trial court to conduct a new restitution hearing. *See, e.g., T.C. v. State*, 839 N.E.2d 1222, 1227 (Ind. Ct. App. 2005) (concluding that there was an inadequate factual basis for the trial court's restitution order and remanding for a new restitution hearing).

## CONCLUSION

[18]     Based on the foregoing, we conclude that Plummer's sentence was appropriate pursuant to Appellate Rule 7(B), but we reverse the restitution order and remand to the trial court with instructions to conduct a new restitution hearing.

[19]     Affirmed in part, reversed in part, and remanded with instructions.

[20]     Bailey, J. and Barnes, J. concur