## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 25 2017, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen M. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Theodore Lincoln Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 25, 2017

Court of Appeals Case No.
48A02-1612-CR-2814

Appeal from the Madison Circuit
Court

The Honorable Mark K. Dudley,
Judge

Trial Court Cause No.
48C06-1508-F1-1352

**Pyle, Judge.**

# Statement of the Case

Theodore Jones ("Jones") appeals the sentence imposed after he pled guilty without a plea agreement to Level 1 felony child molesting[1] and Level 5 felony child exploitation.[2] He specifically contends that (1) the trial court abused its discretion by failing to consider his proposed mitigating factors; and (2) the forty-year sentence imposed for his Level 1 felony child molesting conviction is inappropriate in light of the nature of the offense and his character. Because we conclude that the trial court did not abuse its discretion in failing to consider Jones' proposed mitigating circumstances and that his sentence is not inappropriate, we affirm.

We affirm.

# Issues

1. Whether the trial court abused its discretion in failing to consider Jones' proposed mitigating factors.

2. Whether Jones' sentence is inappropriate in light of the nature of the offense and his character.

---

[1] IND. CODE § 35-42-4-3.

[2] I. C. § 35-42-4-4.

## Facts

In August 2014, fifty-seven-year-old Jones took sexually explicit photographs and videos of his twenty-one-month old granddaughter, L.J. ("L.J."). Some of the photographs depicted L.J. on a mattress drinking a bottle with her vagina exposed. In one photograph, L.J. was playing with a dildo or vibrator. Other photographs showed Jones using his fingers to spread L.J.'s vagina. The videos depicted Jones rubbing the outside of L.J.'s vagina with his finger, inserting his finger into her vagina, and moving his finger in and out of her vagina. Jones also filmed himself forcing L.J. to move her hand back and forth on his penis.

One year later, in August 2015, Jones' son found the photos and videos of his daughter on Jones' computer and contacted the police. Jones was charged with Level 1 felony child molesting and Level 5 felony child exploitation. He pled guilty without a plea agreement in October 2015.

Evidence presented at Jones' November 2016 sentencing hearing revealed that his criminal history included a misdemeanor conviction for driving under the influence in 1991. Jones' wife testified that Jones was in poor health. Specifically, she explained that he suffered from diabetes, high blood pressure, high cholesterol, back problems, depression, and gangrene of his genitals. Jones testified that his physician had told him that he "probably [would not] see seventy (70)." (Tr. 39). Jones also presented evidence that he had worked at General Motors for twenty years until he became disabled.

Following the sentencing hearing, the trial court found the following aggravating circumstances: (1) there were multiple counts; (2) Jones had violated a position of trust; and (3) the nature and circumstances of the offenses. The trial court further found the following mitigating circumstances: (1) Jones had pled guilty saving the State the time and cost of trial; and (2) Jones had led a law-abiding life for twenty-three years. The trial court then sentenced Jones to forty (40) years for the Level 1 felony and six (6) years for the Level 5 felony. The court further ordered the sentences to run concurrently for a total executed sentence of forty (40) years. Jones now appeals his sentence.

# Decision

Jones argues that (1) the trial court abused its discretion by failing to consider his proposed mitigating factors; and (2) the forty-year sentence imposed for his Level 1 felony child molesting conviction is inappropriate in light of the nature of the offense and his character. We address each of his contentions in turn.

## 1. Abuse of Discretion

Sentencing decisions are within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the

record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. *Id.* at 491. The weight given to those reasons, i.e., to particular aggravators or mitigators, is not subject to appellate review. *Id.*

[9] Jones argues that the trial court abused its discretion because it did not find his age, his health, and his twenty years as a productive member of society to be mitigating factors. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A trial court has discretion to determine whether the factors are mitigating, and it is not required to explain why it does not find the defendant's proffered factors to be mitigating. *Haddock v. State*, 800 N.E.2d 242, 245 (Ind. Ct. App. 2003). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

[10] Jones first contends that the trial court abused its discretion because it failed to find that his age was a mitigating factor. In support of his contention, Jones directs us to *Dockery v. State*, 504 N.E.2d 291 (Ind. Ct. App. 1987). There, the trial court found no mitigating factors. *Id.* at 297. On appeal, this Court pointed out that Dockery was seventy-six years old and remanded the case to the trial court for a proper consideration of mitigating factors. Here, Jones was fifty-seven years old at the time of the offense, which is almost twenty years younger than Dockery was. *Dockery* is therefore simply not persuasive. The

trial court did not abuse its discretion in failing to find Jones' age was a mitigating factor.

[11] Jones next contends that the trial court abused its discretion because it failed to find that his health was a mitigating factor. *Henderson v. State*, 848 N.E.2d 341, 344 (Ind. Ct. App. 2006) is instructive. Henderson, who suffered from depression, anxiety, diabetes, acid reflux, bladder prolapse, hyperthyroidism, hypertension, and arthritis in her left shoulder, argued on appeal that the trial court had erred in failing to find that her health was a mitigating factor. *Id.* at 344. However, this Court concluded that Henderson did not present any evidence demonstrating that her medical conditions would be untreatable during incarceration or would render incarceration a hardship. *Id.* Accordingly, we concluded that the trial court did not err in failing to consider Henderson's health to be a mitigating factor. *Id.* Here, Jones suffers from diabetes, high blood pressure, high cholesterol, back problems, depression, and gangrene of his genitals. However, as in *Henderson*, Jones has presented no evidence demonstrating that his medical conditions would be untreatable during incarceration or would render incarceration a hardship. The trial court did not abuse its discretion in failing to consider Jones' health to be a mitigating factor.

[12] Jones also argues that the trial court abused its discretion because it failed to consider as a mitigating circumstance that he "had been a productive member of society, working in a General Motors plant for [twenty] years before he because disabled . . . ." (Jones' Br. 10). This Court has previously held that

the trial court did not abuse its discretion in failing to find that defendant's history as a working, productive member of society was a significant mitigating factor where the defendant failed to provide a detailed work history, performance reviews, or attendance records. *See Bennett v. State*, 787 N.E.2d 938, 948 (Ind. Ct. App. 2003), *trans. denied*. Jones has also failed to provide such information. The trial court did not abuse its discretion in failing to consider as a mitigating factor that Jones was a productive member of society who had worked at General Motors for twenty years.

**2. Inappropriate Sentence**

[13] Jones argues that the forty-year sentence for his Level 1 felony child molesting conviction is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[14] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Here, Jones was convicted of Level 1 felony child molesting. The sentencing

range for a Level 1 felony child molesting conviction when the defendant is at least twenty-one years old and the victim is less than twelve years old is between twenty (20) and fifty (50) years, with an advisory sentence of thirty (30) years. *See* I.C. § 35-50-2-4(c)(1). Here, the trial court sentenced Jones to forty (40) years, which is ten (10) years less than the maximum sentence and ten (10) years more than the advisory sentence.

[15] With regard to the nature of the offense, Jones took sexually explicit photographs and videos of his twenty-one-month-old granddaughter, L.J. The videos showed Jones rubbing the outside of L.J.'s vagina, inserting his finger into her vagina, and moving his finger in and out of her vagina. Jones also filmed himself forcing L.J. to move her hand back and forth on his penis.

[16] With regard to his character, Jones violated the trust of his wife, son, and granddaughter. Based on the nature of the offense and his character, Jones has failed to persuade this Court that his forty-year sentence for Level 1 felony child molesting is inappropriate.

[17] Affirmed.

May, J., and Brown, J., concur.