## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 24 2017, 5:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Exie M. Myles,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 24, 2017<br><br>Court of Appeals Case No.<br>84A01-1702-CR-299<br><br>Appeal from the Vigo Superior Court.<br>The Honorable David R. Bolk, Judge.<br>Trial Court Cause No.<br>84D03-1605-F2-1295 |

**Darden, Senior Judge**

# Statement of the Case

Exie M. Myles appeals her sixteen-year sentence upon her conviction of robbery resulting in serious bodily injury, a Level 2 felony.[1] We affirm.

# Issue

Myles presents one issue for our review, which we restate as: whether her sentence is inappropriate in light of the nature of her offense and her character.

# Facts and Procedural History

In April 2016, Myles and her boyfriend, Edward Rosa, stole a purse from eighty-year-old Wanda Lowe in a Kroger parking lot as Lowe and her husband were loading their groceries into their car. A few days later, Myles and Rosa stole the purse of Sandra Morgan, a seventy-three-year-old grandmother who was out shopping with her eleven-year-old granddaughter. Myles and Rosa drove by Morgan, grabbed her purse, and attempted to drive off with it. However, Morgan refused to immediately release her purse and was dragged alongside the car, at which point she let go of her purse. As a result of this incident, Morgan suffered three broken bones in her back. Shortly after the robbery, Myles used Morgan's credit card.

---

[1] Ind. Code § 35-42-5-1 (2014).

[4] In addition to the instant robbery charge, Myles was also charged with theft, a Level 6 felony;[2] fraud, a Level 6 felony;[3] and theft, a Class A misdemeanor.[4] Pursuant to a plea agreement, Myles pleaded guilty to the charge of robbery resulting in serious bodily injury. The parties were free to argue sentencing to the court, with the agreement that Myles' maximum sentence would not exceed sixteen years. The trial court sentenced Myles to sixteen years with twelve years executed and the remaining four years suspended to probation. She now appeals that sentence.

## Discussion and Decision

[5] Myles contends that her sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). Sentencing is primarily a discretionary function in which the trial court's judgment should receive considerable deference. *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint and lack of brutality) and the defendant's character

---

[2] Ind. Code § 35-43-4-2 (2014).

[3] Ind. Code § 35-43-5-4 (2014).

[4] Ind. Code § 35-43-4-2.

(such as substantial virtuous traits or persistent examples of good character). *Id.* The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[6]  To assess whether the sentence is inappropriate, we look first to the statutory range established for the class of the offense. Here the offense is a Level 2 felony, for which the advisory sentence is seventeen and one-half years, with a minimum sentence of ten and a maximum sentence of thirty. Ind. Code § 35-50-2-4.5 (2014). Myles' plea agreement capped her sentence at sixteen years, which is below the advisory sentence for a Level 2 felony.

[7]  Next, we look to the nature of the offense and the character of the offender. As to the nature of the current offense, we observe that Myles, the owner of the car, participated in the robbery of Morgan, a seventy-three-year-old woman who was dragged alongside Myles' car because she refused to release her purse to criminals. Fearing for her life, Morgan released her purse and suffered a broken back – in three places – and had to endure back surgery, as well as the extreme pain and suffering this injury caused. Moreover, Morgan's eleven-year-old granddaughter looked on horrified as her grandmother was dragged, robbed, and seriously injured.

[8]  This incident has had an emotional and psychological impact on both Morgan and her granddaughter. Morgan has withdrawn from activities because she is afraid to go anywhere alone, and her granddaughter begs her not to leave the house because she is terrified of something happening to herself or Morgan.

Additionally, within the contents of Morgan's purse, among other valuables that were never recovered, was her cell phone that contained numerous pictures of her son who had died from cancer.

[9] At sentencing, the judge summarized this offense as, "here you have two (2) people driving around Vigo County, [Myles is] high on heroin, K-Two (K-2), prescription meds, who, it's fairly clear, were targeting random people, elderly people – it's everyone's worst fear – law-abiding citizens, it's their worst fear is to have someone who's high driving around the community looking to victimize, you know, someone looking to victimize those people. I mean, really gets – and not only that, they end up, this person ends up with a, with a broken back, it happens in front of a child, she's [seventy-three] years of age. I mean, this is not – well this is just bad. There's no other way to – there's just no other way to characterize it. None." Tr. Vol. III, pp. 27-28. The judge found and assigned significant weight to the statutory aggravator that the harm, injury, loss and damage suffered by Morgan was significant and greater than the elements necessary to prove the commission of the offense. He additionally found as aggravators that Morgan was over the age of sixty-five at the time of the crime and that the crime was committed in the presence of Morgan's eleven-year-old granddaughter.

[10] With regard to her character, Myles discusses several factors in her brief that she argues favor a shorter sentence. She refers to Rosa as the "principal offender" and suggests that her allegedly limited involvement in the robbery warrants a lighter sentence. Appellant's Br. p. 8. We observe that this Court is

not compelled to find a sentence inappropriate simply because the weight of the evidence suggests that a defendant's role was that of an accomplice and not a principal. Indeed, the general standard for reviewing a sentence imposed on an accomplice is the same as it is for principals; thus, there is no benefit accorded to an individual by virtue of her having been charged as an accomplice. *Johnson v. State*, 687 N.E.2d 345, 349 (Ind. 1997). Irrespective of whether Myles actually grabbed Morgan's purse, she participated in the robbery. She was the owner of and provided the car that was used in the robbery, and it is undisputed that she used Morgan's stolen credit card after the robbery, apparently to her benefit.

[11] Myles also alleges that Rosa was abusive to her and had threatened her family. However, no evidence was presented connecting Rosa's alleged abuse to Myles' commission of this crime.

[12] In addition, Myles lists her medical issues as depression, obsessive compulsive disorder, schizophrenia, bipolar disorder, and brain tumors. Yet, no evidence was presented linking Myles' crimes and her disorders. *See Corralez v. State*, 815 N.E.2d 1023, 1026 (Ind. Ct. App. 2004) (stating there must be a nexus between defendant's mental health and crime in question in order for mental history to be considered a mitigating factor). Moreover, there was no evidence that Myles' medical conditions could not be properly treated in prison. *See Henderson v. State*, 848 N.E.2d 341, 344-45 (Ind. Ct. App. 2006) (finding no error in trial court's refusal to consider defendant's poor health as mitigator

because she failed to present evidence that her multiple health conditions would be untreatable during incarceration).

[13] Next, Myles, who was thirty-two years of age at the time she committed these crimes, points out that when she was in school she was diagnosed with a learning disability and that she only completed the eighth grade. Further, she states that her father's death when she was thirteen had an adverse impact on her. Nevertheless, evidence of a difficult childhood warrants little, if any, mitigating weight. *Coleman v. State*, 741 N.E.2d 697, 700 (Ind. 2000).

[14] At sentencing, Myles testified that she began using drugs at the age of twelve. She started with marijuana and progressed to acid and then methamphetamine. Although she has previously completed treatment through a drug court program, she was high on K2[5] and heroin at the time of this offense. *See Caraway v. State*, 959 N.E.2d 847, 852 (Ind. Ct. App. 2011) (where defendant is aware of chemical dependency and chooses not to seek help, failure to do so can be considered an aggravating factor), *trans. denied*.

[15] Myles also notes that she accepted responsibility for her actions. A guilty plea can show that a defendant accepts responsibility for her actions. *Haggard v. State*, 771 N.E.2d 668, 677 (Ind. Ct. App. 2002), *trans. denied*. And, generally, a

---

[5] K2, also known as Spice, is a mix of herbs and manmade chemicals with mind-altering effects. It is often called "synthetic marijuana" or "fake weed" because some of the chemicals in it are similar to ones in marijuana, but its effects are sometimes very different from marijuana and frequently much stronger. NIDA FOR TEENS, https://teens.drugabuse.gov/drug-facts/spice (last visited August 14, 2017).

guilty plea saves judicial time and resources, as well as sparing the victim's family the trauma of a trial. *Sensback v. State*, 720 N.E.2d 1160, 1164 (Ind. 1999). Nevertheless, a plea of guilty is not automatically a significant mitigating factor that must be credited by the trial court; rather, the determination is fact-sensitive. *Trueblood v. State*, 715 N.E.2d 1242, 1257 (Ind. 1999). "For instance, a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." *Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), *trans. denied*. Here, the trial court assigned mitigating weight to this factor, but we note that Myles received a substantial benefit in exchange for her plea of guilty in that she had the opportunity to argue for a lesser sentence that had already been capped at sixteen years – which is one-and-a-half years below the advisory sentence for a Level 2 felony. In addition, other felony charges were dismissed by the State. Further, the State had significant evidence against her in the form of surveillance video and witness testimony. Thus, it could be said that Myles' decision to plead guilty was a pragmatic one for which she received a substantial benefit.

[16] Finally, Myles points to her minimal criminal history as a mitigating factor. The trial court found her lack of "significant[,] serious criminal history" to be a mitigating factor. Tr. Vol. III, p. 26. While we acknowledge this to be the case, we also observe that in 2002 Myles was charged with felony possession of a controlled substance, which was dismissed after she completed treatment

through a drug court program. However, the program apparently did nothing to deter her from continuing her criminal behavior and her use of illicit drugs. More recently, Myles was convicted of misdemeanor battery resulting in bodily injury in 2013 and misdemeanor conversion in 2016. In summary, Myles' criminal history reflects poorly on her character and her judgment and highlights her failure to seize and take advantage of opportunities of rehabilitation.

## Conclusion

[17] In this case, we find that sentence revision is supported neither by the nature of the offense nor by character traits of the offender. Myles has failed to carry her burden of persuading this Court that her sentence is inappropriate. In light of the foregoing, we affirm the sentence of the trial court.

[18] Affirmed.

Vaidik, C.J., and Altice, J., concur.