ATTORNEY FOR APPELLANT
Sarah L. Nagy
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Daniel J. Kopp
Deputy Attorney General

# In the
# Indiana Supreme Court

No. 48S04-0602-CR-00040

TYRUS BRYANT,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Madison Circuit Court, No. 48C01-0107-FB-195
The Honorable Fredrick R. Spencer, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 48A04-0403-CR-00132

**February 8, 2006**

**Shepard, Chief Justice.**

This is one of a good many cases that were pending on direct appeal when Indiana's criminal sentencing scheme was declared unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), and to which that holding therefore applies. Here, the trial court enhanced a sentence based on a finding that the perpetrator "lay in wait" and on the perpetrator's prior criminal convictions. Under Blakely, the first of these findings must be made by a jury. Uncer-

tain about the nature of the prior convictions and whether they warrant a maximum enhancement, we grant Tyrus Bryant's petition to transfer and remand.

**Facts and Procedural History**

On May 6, 2002, Tyrus Bryant, Brandon Wilkerson, E.B. and K.T. devised a plan to steal marijuana from D.S. As part of that plan, E.B. contacted D.S. and arranged for him to come to her residence in Markleville, Indiana. When D.S. arrived, he was invited into the residence and attacked from behind.

The participants gave various accounts of who did what during the course of the melee, but the evidence favorable to the verdict revealed that the perpetrators made off with seventy-five dollars, a cellular phone, D.S.'s car stereo and over a hundred compact discs. Bryant and Wilkerson put a gun to D.S.'s head and forced him into his own car. They drove a short distance and then exited.

The State charged Bryant with armed robbery and criminal confinement, as class B felonies. A jury found him guilty on both counts. The trial court sentenced Bryant to twenty years for the robbery and twenty years for the confinement, to be served consecutively.

In sentencing Bryant, the trial judge found one mitigating factor (that Bryant was seventeen) and two aggravating circumstances (Bryant's prior criminal history and that Bryant had "planned it [the robbery] and waited on this guy [D.S.]"). (T.R. at 544-45.)

Bryant presented multiple claims on appeal and the Court of Appeals affirmed. Bryant v. State, No. 48A04-0403-CR-132 (Ind. Ct. App. Jan. 3, 2005). We grant transfer. The Court of Appeals correctly rejected Bryant's claims concerning his convictions, and we summarily affirm their disposition of those claims. Ind. Appellate Rule 58(A). Bryant raises two issues that re-

quire further attention: whether the sentences were properly enhanced and whether the consecutive sentences were properly imposed.

## I.  Were Enhanced Sentences Proper?

Bryant argues that his sentences were unconstitutional because the enhancements "exceed the presumptive sentence established by the Legislature, and were based upon aggravating factors not found by a jury."  (Appellant's Pet. Transfer at 2, citing Apprendi v. New Jersey, 530 U.S. 466 (2000)).

In Blakely v. Washington, the U.S. Supreme Court reiterated the rule expressed in Apprendi that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  542 U.S. 296, 301 (2004).  The Court then went on to define "statutory maximum" as the "maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  Id. at 303.

In Smylie v. State, 823 N.E.2d 679 (Ind. 2005), we held that Indiana's "fixed terms" served the same function as Washington's "standard sentencing range" for Sixth Amendment purposes and that those "sort of facts envisioned by Blakely as necessitating a jury finding must be found by a jury."  Id. at 686.  Because Apprendi specifically exempted "the fact of a prior conviction" from submission to a jury, a sentence enhanced because of a prior criminal conviction does not violate the Sixth Amendment.[1]

In a sentencing statement, a judge must identify all significant aggravating and mitigating factors, explain why such factors were found, and balance the factors in arriving at the sentence. Morgan v. State, 675 N.E.2d 1067, 1074 (Ind. 1996).  The purpose behind requiring the trial court to follow these steps is to guard "against arbitrary sentences and provid[e] an adequate basis for appellate review."  Id.

---

[1] Apprendi, 530 U.S. at 490.

In this case, the trial court found two aggravators: Bryant had lain in wait, and he had a criminal history. The first of these aggravators cannot support the sentencing enhancement because it: 1) increased the sentence beyond the statutory maximum and 2) was not found by a jury beyond a reasonable doubt. The aggravator that Bryant had lain in wait is precisely the sort of "fact" with which <u>Blakely</u> concerns itself.

The second aggravator, Bryant's criminal history, did not need to be submitted to a jury. Even though sentence enhancements based on prior convictions do not violate the Constitutional right to trial by jury, whether and to what extent a sentence should be enhanced turns on the weight of an individual's criminal history. This weight is measured by the number of prior convictions and their gravity, by their proximity or distance from the present offense, and by any similarity or dissimilarity to the present offense that might reflect on a defendant's culpability.

We Indiana judges commonly recite that "a single aggravator can be sufficient to support an enhanced sentence," and that statement is often true. This does not mean that sentencing judges or appellate judges can stop thinking about the appropriate weight to give a history of prior convictions. The significance of a criminal history "varies based on the gravity, nature and number of prior offenses as they relate to the current offense." <u>Wooley v. State</u>, 716 N.E.2d 919, 929 n.4 (Ind. 1999). We observed in <u>Wooley</u> that "a criminal history comprised of a prior conviction for operating a vehicle while intoxicated may rise to the level of a significant aggravator at a sentencing hearing for a subsequent alcohol-related offense. However, this criminal history does not command the same significance at a sentencing hearing for murder." <u>Id.</u> To put another example, a conviction for theft six years in the past would probably not, standing by itself, warrant maxing out a defendant's sentence for class B burglary. But, a former conviction for burglary might make it appropriate to impose the maximum sentence for a subsequent theft.

Certainly not all cases will produce so clear-cut a separation between significant and non-significant prior convictions as these examples. The need for clarity and careful weighing, made by reference to appropriate prior criminal convictions, is more pronounced than ever given the

4

increased importance prior criminal convictions play in the sentencing process of a post-<u>Blakely</u> world.

In this particular case, although the court apparently conducted a thoughtful analysis before imposing sentence, the extent and complete nature of Bryant's criminal history is not clearly laid out in either the trial record or the record on appeal.[2]  In the absence of a presentencing report, or a more complete explanation of Bryant's criminal history and its relationship to the current offense, we cannot sustain the sentencing enhancements.


## II.      Did Consecutive Sentences Violate <u>Blakely</u>?


In <u>Smylie</u> we noted that because there is "no language in <u>Blakely</u> or in Indiana's sentencing statutes that requires or even favors concurrent sentencing," Indiana's discretionary scheme of imposing consecutive sentences was not invalidated by <u>Blakely</u>.  823 N.E.2d at 686.  Because the determination of whether to impose consecutive or concurrent sentences is entirely at the discretion of the trial judge (and thus not a "judicial impingement upon the traditional role of the jury"), we concluded that there is "no constitutional problem with consecutive sentencing so long as the trial court does not exceed the combined statutory maximums."  <u>Id.</u>  <u>See also</u> <u>Blakely</u>, 542 U.S. at 308-10.

---

[2] At the sentencing hearing, the trial judge expressed his personal amazement at Bryant's criminal record in this way: "I can't tell you this is the worse [sic] record I ever saw, but I honestly, truthfully and sincerely believe its among the worst records I ever saw for a seventeen-year-old boy . . . young man. . . It's just not good." (T.R. at 544.)

Although discussion of Bryant's juvenile record is sparse, the State makes reference to that record, indicating that Bryant had at least six adjudications that would have been charged as crimes were he an adult. (T.R. at 533.)  The State also indicated that two of those adjudications were for battery, and that three of the six adjudications were felonies.  (T.R. at 533-34.)  We recently held that juvenile adjudications may be found by a court to support enhancement of an adult sentence, consistent with the Sixth Amendment.  <u>Ryle v. State</u>, __ N.E.2d __, __, 2005 WL 3378469, at *1-2 (Ind. Dec. 13, 2005).

Despite Bryant's apparently lengthy history, without a clearer description than the prosecutor provided, it is difficult to ascertain with accuracy its nature.

In Bryant's case, the only possible question regarding the propriety of the consecutive sentences is whether or not there were sufficient aggravating circumstances to support the decision to run the sentences consecutively.

As we stated above, the trial judge found two aggravators at the sentencing phase: Bryant's prior criminal history, and the conclusion that Bryant had lain in wait for D.S. While lying in wait cannot support an enhanced sentence in the absence of a jury finding, it can be used to support the decision to impose consecutive sentences inasmuch as findings to support consecutive sentences can be made by the court. Smylie, 823 N.E.2d at 686. The trial court's finding that the crimes were committed using this technique was not challenged on appeal.

In addition, although Bryant's criminal history was insufficiently laid out at trial to sustain the sentencing enhancement, there was no question that he has a criminal record. We conclude that the simple fact of a criminal history, when taken into consideration with a factor that demonstrates some increased degree of culpability such as lying in wait, is sufficient to support the decision to impose consecutive sentences.

It was within the trial judge's discretion to impose consecutive sentences, and given the evidence presented at Bryant's trial, we find there was no abuse of that discretion.

**Conclusion**

We reverse the sentencing enhancement and remand to the trial court for new sentencing, either through a clearer explanation of Bryant's criminal history, or, should the State elect, through the intervention of a jury.

We affirm the imposition of the consecutive sentences and the judgment otherwise.

Sullivan, Boehm, and Rucker, JJ., concur.
Dickson, J., concurs in result without separate opinion.

6