**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ANTOINE DUFF,                              )
                                           )
    Appellant-Defendant,              )
                                           )
        vs.                     )    No. 49A02-1306-CR-503
                                           )
STATE OF INDIANA,                          )
                                           )
    Appellee-Plaintiff.               )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
Cause No. 49G03-1212-FB-83739

January 22, 2014

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Following a jury trial, Antoine Duff was found guilty of burglary, a Class B felony, and received a sixteen year sentence, with ten years executed and six years suspended. Duff raises a single issue for our review: whether his sentence is inappropriate in light of the nature of his offense and his character. Concluding Duff's sentence is not inappropriate, we affirm.

## Facts and Procedural History

Midday on November 28, 2012, Duff and one accomplice broke into the home of Angie Davis in Indianapolis. While no one was at the house, the two men backed their vehicle onto the yard and kicked in the front door, leaving the door damaged and off its hinges. The two men went through every room and ransacked the home.

Davis returned from work to find her home in disarray. Among the items stolen were three televisions, two video game consoles, an iPod, a laptop computer, and cash. Another television had also suffered a crack in its screen, apparently the result of a failed attempt to remove it from the wall. The total cost of the stolen and damaged property was approximately $3825.

The State charged Duff with burglary, a Class B felony, and attempted theft, a Class D felony. A jury trial was held on May 1, 2013, and Duff was found guilty of both counts. The trial court merged the two counts and entered a judgment of conviction on the count of burglary. Duff was sentenced to sixteen years, with ten years executed at the Department of Correction and six years suspended. The trial court ordered that Duff's sentence be followed by one year of probation. Additional facts will be supplied as necessary.

## Discussion and Decision

### I. Standard of Review

Indiana Appellate Rule 7(B) gives reviewing courts the authority to revise a defendant's sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence

is inappropriate in light of the nature of the offense and the character of the offender." It is the defendant's burden to persuade the reviewing court that the sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

## II. Appropriateness of Duff's Sentence

At the outset, we note that "the advisory sentence is the starting point to determine the appropriateness of a sentence." Holloway v. State, 950 N.E.2d 803, 806 (Ind. Ct. App. 2011). A Class B felony carries an advisory sentence of ten years, with a range of six to twenty years. Ind. Code § 35-50-2-5. Duff's sentence was sixteen years, with ten years executed, six years suspended, and one year of probation. In determining whether a sentence is inappropriate, "we 'may consider all aspects of the penal consequences imposed by the trial judge in sentencing the defendant,' including the fact a portion of the sentence is suspended to probation." Calvert v. State, 930 N.E.2d 633, 643 (Ind. Ct. App. 2010) (quoting Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010)).

Regarding the nature of the offense, Duff asserts that the burglary in this case was "unexceptional." Brief of Appellant at 5. The flagrancy of this particular burglary—or any other—is in the eye of the beholder, and we sincerely doubt the homeowner shares Duff's view. Duff kicked in the front door of Davis's home; stole three televisions, two video game consoles, an iPod, a laptop computer, and cash; damaged a big-screen television; and left the house in disarray. That said, we have held in burglary cases with facts nearly identical to this case that the crime was no more or less egregious than a typical burglary. See Rich v. State, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), trans. denied. While this may not be branded a particularly heinous burglary, we do not believe the facts aid Duff in persuading us that his sentence is inappropriate.

As to Duff's character, we recognize that Duff's criminal history is not insignificant. "When considering the character of the offender, one relevant fact is the defendant's criminal history." Johnson v. State, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). Not including this

3

offense, in the past eleven years, Duff has three misdemeanor convictions, six felony convictions, and has been arrested seventeen times as an adult. Notably, several of his prior felony convictions are for conduct similar in nature to the present offense: they include burglary, theft, and auto theft. The nature of Duff's past offenses and their relative frequency weigh heavily against his claim of an inappropriate sentence. See Richardson v. State, 906 N.E.2d 241, 248 (Ind. Ct. App. 2009) (quoting Bryant v. State, 841 N.E.2d 1154, 1156 (Ind. 2006)) (noting the weight of an individual's criminal history is "measured by the number of prior convictions and their gravity, by their proximity or distance from the present offense, and by any similarity or dissimilarity to the present offense that might reflect on a defendant's culpability."). Moreover, Duff has received the benefit of probation on two occasions but had it revoked each time.

Duff's only argument with respect to his character is that he has had a difficult family life. Specifically, he states that his parents were never married and that he has three children with three different mothers and owes child support. However, he makes this argument despite informing the presentence investigator that his childhood was "excellent" and that his current family life is "good." Presentence Investigation Report at 10. In any event, Duff presents no compelling argument that his family circumstances warrant a reduction in his sentence, and those circumstances certainly do not overshadow the negative impact of his criminal history. We hold that Duff has failed to meet his burden of persuading us that his sentence is inappropriate.

Conclusion

Concluding Duff's sentence is not inappropriate in light of the nature of his offense and his character, we affirm.

Affirmed.

BARNES, J., and BROWN, J., concur.

4