**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID LEE ROBINSON,                       )
                                          )
    Appellant-Defendant,              )
                                          )
        vs.                        )    No. 45A05-1308-CR-401
                                          )
STATE OF INDIANA,                         )
                                          )
    Appellee-Plaintiff.               )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
Cause No. 45G03-1211-FC-127

**March 14, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

David Lee Robinson pled guilty to one count of failure to register as a sex offender, a Class C felony, and received a sentence of five years imprisonment. Robinson appeals his sentence, raising a single issue for our consideration: whether Robinson's sentence is inappropriate in light of the nature of his offense and his character. Concluding Robinson's sentence is not inappropriate, we affirm.

## Facts and Procedural History

In 1995, Robinson was convicted of criminal sexual conduct in the first degree in the State of Minnesota. He was sentenced to ninety-eight months imprisonment and was required to register as a sex offender. In October 2002, Robinson moved to Gary, Indiana and registered as a sex offender with the Lake County Sheriff's Department. Part of Robinson's registration obligation was to provide prompt notice of any change of address.

Robinson failed to re-register in May 2009. He was convicted of failure to register as a sex offender, a Class D felony, and sentenced to probation in December 2009. Robinson violated his probation, and he served the remainder of his sentence incarcerated in the Indiana Department of Correction.

In March 2011, Robinson was released from prison and continued to register as a sex offender until August 27, 2012. On September 21, 2012, an officer visited Robinson's last known residence and learned that he had vacated sometime during the last week of August. As of October 30, 2012, Robinson failed to re-register or provide notice of his change in address.

Robinson was charged with two counts of failure to register as a sex or violent offender, both Class C felonies, both of which concerned his failure to register between August and October 2012. He pled guilty to one count of failure to register as a sex offender, a Class C felony, and his plea agreement capped his potential sentence at five years. A sentencing hearing was held, and the trial court sentenced Robinson to five years executed in the Indiana Department of Correction. This appeal followed.

Discussion and Decision

I.  Standard of Review

Indiana Appellate Rule 7(B) gives appellate courts the authority to revise a defendant's sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." It is the defendant's burden to persuade the reviewing court that the sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

II.  Robinson's Sentence

Robinson argues that his five year sentence for failure to register is inappropriate in light of the nature of his offense and his character. Under our current sentencing scheme, a Class C felony carries an advisory sentence of four years, with a range of two to eight years. Ind. Code § 35-50-2-6. Thus, Robinson received a sentence one year greater than the advisory, and we note that "the advisory sentence is the starting point to determine the appropriateness of a sentence." Holloway v. State, 950 N.E.2d 803, 806 (Ind. Ct. App. 2011).

Robinson largely bases his argument on the nature of his offense. He asserts that his failure to register was on the "tail end" of his registration obligation, which he

believes should have expired September 12, 2012. Brief of Appellant at 4. However, the State believed Robinson's registration obligation extended beyond that date, and the parties never resolved the issue of when Robinson's term of registration was actually set to expire under Indiana law.

Robinson vacated his residence and moved without re-registering or informing the sheriff's department of a change in address. What we can say regarding the nature of Robinson's offense is that it appears to be a run-of-the-mill failure to register, as envisioned and proscribed by the General Assembly. See Ind. Code § 11-8-8-17. The relative typicality of Robinson's failure to register weighs slightly in his favor, given his sentence is one year above the advisory sentence. Cf. Johnson v. State, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013) (stating a factor in determining if a sentence is inappropriate is whether the offense in question is more or less egregious than the "typical" offense envisioned by the legislature when it set the advisory sentence).

As to Robinson's character, he argues his willingness to enter a plea of guilty should reflect favorably upon him. Indeed, Indiana courts have long recognized that "[w]here the State reaps a substantial benefit from the defendant's act of pleading guilty, the defendant deserves to have a substantial benefit returned." Sensback v. State, 720 N.E.2d 1160, 1164 (Ind. 1999). However, not all guilty pleas provide such a benefit. Id. at 1165. "For instance, a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." Wells v. State, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), trans. denied. Here, there seems to be no question that the evidence against Robinson clearly indicated guilt, and

4

Robinson received at least some benefit by obtaining a plea agreement that capped his maximum sentence at five years.

Finally, when considering the character of the offender, the defendant's criminal history is a relevant factor. Johnson, 986 N.E.2d at 857. Robinson's criminal history is substantial. Prior to this offense, he has at least six misdemeanor convictions and four felony convictions. Most importantly, one of those felony convictions is for previously failing to register as a sex offender in 2009. Robinson's criminal history, which includes a prior conviction for the same conduct, is detrimental to his claim of an inappropriate sentence. See Richardson v. State, 906 N.E.2d 241, 248 (Ind. Ct. App. 2009) (quoting Bryant v. State, 841 N.E.2d 1154, 1156 (Ind. 2006)) (noting the weight of an individual's criminal history is "measured by the number of prior convictions and their gravity, by their proximity or distance from the present offense, and by any similarity or dissimilarity to the present offense that might reflect on a defendant's culpability.").

In view of all the circumstances of this case, we cannot conclude Robinson's sentence for failure to register as a sex offender is inappropriate.

### Conclusion

Concluding Robinson's sentence is not inappropriate in light of the nature of his offense and his character, we affirm.

Affirmed.

BARNES, J., and BROWN, J., concur.