## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 17 2015, 8:37 am
Kevin S. Smith
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Matheny, Hahn, Denman & Nix, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Curtis D. Keplinger,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

July 17, 2015

Court of Appeals Cause No.
35A05-1412-CR-572

Appeal from the Huntington Circuit Court
The Honorable Thomas M. Hakes, Judge
Cause No. 35C01-1406-FB-178

**Robb, Judge.**

# Case Summary and Issue

[1]   Following a jury trial, Curtis Keplinger was convicted of attempted robbery, a Class B felony, and found to be an habitual offender. He raises one issue on

appeal: whether his thirty-five year sentence is inappropriate in light of the nature of his offense and his character. Concluding Keplinger's sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] Keplinger began dating Chasity Griffith in June of 2013. In July of that year, Griffith suffered a ruptured gallbladder and was hospitalized for three months. When she was released from the hospital, she began living with Keplinger. Griffith was prescribed certain pain medications, including fentanyl and Percocet, which Keplinger regularly asked her to give to him for his own use.

[3] On June 29, 2014, Keplinger asked Griffith for some of her medication, but she refused. The two started to argue, and Keplinger attempted to snatch Griffith's purse away from her. Keplinger chased Griffith around the living room, grabbed her throat from behind, and placed his hand over her nose and mouth, preventing her from breathing. Griffith fled from the house and called her father, who took Griffith to the police station to report the incident.

[4] The State charged Keplinger with Count 1, robbery, a Class B felony; Count 2, strangulation, a Class D felony; and Count 3, attempted robbery, a Class B felony. The State also alleged that Keplinger was an habitual offender. A jury trial was held over the course of three days in October 2014. Keplinger was

found guilty of Count 3,[1] and he admitted to being an habitual offender. The trial court imposed a fifteen-year sentence on Count 3 and a twenty-year enhancement for Keplinger's habitual offender adjudication, resulting in an aggregate executed sentence of thirty-five years imprisonment. This appeal followed.

# Discussion and Decision

## I. Standard of Review

[5] Keplinger contends that his thirty-five year sentence is inappropriate. Indiana Appellate Rule 7(B) provides appellate courts with the authority to revise a defendant's sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." It is the defendant's burden to persuade the reviewing court that the sentence is inappropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012).

## II. Keplinger's Sentence

[6] "When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence." *Holloway v. State*, 950 N.E.2d 803, 806 (Ind. Ct. App. 2011). At the time of Keplinger's offense, a Class B felony carried an advisory sentence of ten years, with a range of six to

---

[1] Keplinger was acquitted of Count 1, and a mistrial was declared on Count 2.

twenty years.  Ind. Code § 35-50-2-5(a).  In addition, the habitual offender statute provided that "[t]he court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense."  Ind. Code § 35-50-2-8(h) (effective through June 30, 2014).  Thus, Keplinger's habitual offender enhancement required him to receive an additional term of at least ten and as many as thirty years.  Keplinger received fifteen years for his Class B felony and an additional twenty years for his habitual offender enhancement.

[7]    We find the nature of Keplinger's offense to be slightly more egregious than an ordinary attempted robbery.  Keplinger not only put Griffith in fear for her safety but also attempted to take her pain medication by force, grabbing her by the throat and covering her nose and mouth to prevent her from breathing.  Additionally, the victim was in a weakened condition due to her illness, and Keplinger attempted to take advantage of her illness and satisfy his own base urges without regard for her need for her prescribed medication.

[8]    As to Keplinger's character, the trial court referenced his extensive criminal history, his violation of a no-contact order during the proceedings, and his attempts to dissuade Griffith from testifying against him at trial.  In addition to his juvenile history, Keplinger's adult criminal history consists of five prior felony convictions—including battery, burglary, and theft—and several misdemeanor convictions.  The nature of Keplinger's past offenses and their similarity to his most recent crime reflects unfavorably on his character.  *See*

*Bryant v. State*, 841 N.E.2d 1154, 1156 (Ind. 2006) (stating the weight of an individual's criminal history is "measured by the number of prior convictions and their gravity, by their proximity or distance from the present offense, and by any similarity or dissimilarity to the present offense that might reflect on a defendant's culpability.").

Keplinger points to the fact that he took care of Griffith when she was ill. Although that may reflect positively on his character, in light of his criminal history and demonstrated disrespect for the justice system, it is not enough to persuade us that his sentence is inappropriate.

# Conclusion

Concluding Keplinger's thirty-five year sentence is not inappropriate in light of the nature of his offense and his character, we affirm.

Affirmed.

May, J., and Mathias, J., concur.