## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 16 2016, 9:45 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Vincent P. Wells, Sr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 16, 2016

Court of Appeals Case No.
02A03-1508-CR-1066

Appeal from the Allen Superior Court.
The Honorable Frances C. Gull, Judge.
Cause No. 02D06-1501-F6-15

**Friedlander, Senior Judge**

[1] Vincent P. Wells, Sr., appeals his sentence for Level 6 felony theft,[1] contending that his sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

[2] Wells was released to parole on October 17, 2014 after having been convicted of Class D felony theft in Cause Number 02D05-1310-FD-1087 and sentenced to serve one and a half years in the Department of Correction. While on parole under FD-1087, Wells entered a Wal-Mart in Allen County on December 30, 2014 and took a bottle of liquor and other items without paying for them. Wells was charged with theft. Seven days before the start of his jury trial, he pleaded guilty to Level 6 felony theft with a prior conviction.

[3] Wells' sentencing hearing was held on July 23, 2015. The trial court identified Wells' "astonishing" criminal history and failed efforts at rehabilitation as aggravating circumstances. Tr. p. 19. The trial court noted the mitigating circumstances of Wells' guilty plea and his remorse and acceptance of responsibility. Wells now challenges the trial court's imposition of a two and one-half year executed sentence to be served consecutively to his sentence in FD-1087, contending that the sentence is inappropriate.

[4] The sentencing range for a Level 6 felony is a period of imprisonment from between six months and two and one-half years, with the advisory sentence

---

[1] Ind. Code § 35-43-4-2 (West, Westlaw current with all 2015 Public Laws of the 2015 First Regular Session of the 119th General Assembly).

being one year. Ind. Code Ann. § 35-50-2-7(b) (West, Westlaw current with all 2015 Public Laws of the 2015 First Regular Session of the 119th General Assembly). Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142 (Ind. Ct. App. 2006). The principal role of appellate review is to attempt to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801 (Ind. Ct. App. 2007). The question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265 (Ind. Ct. App. 2008).

[5] "When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence." *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). "One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the 'typical' offense accounted for by the legislature when it set the advisory sentence." *Holloway v. State*, 950 N.E.2d 803, 806-07 (Ind. Ct. App. 2011).

[6]     When reviewing the sentence with respect to the character of the offender, we engage in a broad consideration of a defendant's qualities. *Aslinger v. State*, 2 N.E.3d 84 (Ind. Ct. App. 2014), *clarified on other grounds on reh'g*, 11 N.E.3d 571.

[7]     The advisory sentence for a Level 6 felony theft is one year. With respect to the nature of the offense, Wells committed this offense two months after being released from the Department of Correction for a sentence imposed on a Class D felony theft conviction. One of the items Wells took from Wal-Mart was liquor, which is troubling given his history of substance abuse.

[8]     With respect to the character of the offender, we note that the trial court found Wells' criminal history to be "astonishing." Tr. p. 19. The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, proximity, and number of prior offenses in relation to the current offense. *Bryant v. State*, 841 N.E.2d 1154 (Ind. 2006). As a juvenile, Wells was adjudicated a delinquent four times; once each for Class B felony arson, Class C felony burglary, vandalism, and shoplifting. As an adult, Wells has accumulated twenty-seven arrests, sixteen misdemeanor convictions, and sixteen felony convictions. Wells has committed theft ten times and has committed conversion four times. He was on parole for the same offense when he committed this new offense.

[9]     Wells has not carried his burden of persuading us that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

Judgment affirmed.

Barnes, J., and Crone, J., concur.