## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 09 2017, 6:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Carl Hughes,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 9, 2017

Court of Appeals Case No.
49A02-1604-CR-925

Appeal from the Marion Superior Court

The Honorable Jose Salinas, Judge

Trial Court Cause No.
49G14-1506-F6-22305
49G14-1501-F6-2545

**Barnes, Judge.**

# Case Summary

[1] Carl Hughes appeals his 910-day aggregate sentence for three counts of Level 6 felony theft. We affirm.

# Issue

[2] The sole issue before us is whether Hughes's sentence is inappropriate.

# Facts

[3] On January 23, 2015, the State charged Hughes with one count of Level 6 felony fraud and one count of theft, enhanced to a Level 6 felony because of a 2010 theft conviction, under cause number 49G14-1501-F6-002545 ("2545 case"). The charges were based upon Hughes's theft of a debit card from a vehicle and his subsequent use of that card.

[4] On June 23, 2015, Hughes was caught in the act of breaking into a vehicle in an Indianapolis neighborhood and detained by its residents until police arrived. Hughes was found to be in possession of items stolen from three vehicles in the neighborhood with a total value of over $300. Hughes later admitted he was under the influence of methamphetamine when he committed these thefts and was stealing in order to pay for drugs. On June 25, 2015, the State charged Hughes with three counts of Level 6 felony theft—again enhanced because of his 2010 theft conviction—and three counts of Class B misdemeanor unauthorized entry of a vehicle, under cause number 49G14-1506-F6-022305 ("22305 case").

[5]     Hughes and the State entered into a drug court diversion agreement in both the 2545 and 22305 cases. Under the agreement, Hughes agreed to participate in drug court treatment and to abide by all the terms of the program. The agreement also provided that, if Hughes did not successfully complete the drug court treatment program, he would be convicted and sentenced for all of the charges in both cases, with sentencing at the trial court's discretion. Conversely, if Hughes successfully completed the program, the State agreed dismiss all the charges against him in both cases.

[6]     On March 30, 2016, Hughes was found to have not successfully participated in the drug court treatment program. The trial court entered judgments of conviction on all charges in both cases. In the 2545 case, the trial court imposed a sentence of 730 days on both charges, to be served concurrent to each other and consecutive to the sentence in the 22305 case. In the 22305 case, the trial court imposed sentence of 910 days—two-and-one-half years—on all three Level 6 felony theft charges, and 180 days on each Class B misdemeanor charge, all to be served concurrently. Hughes now appeals only his 910-day sentence in the 22305 case.

## Analysis

[7]     Hughes claims his sentence is inappropriate under Indiana Appellate Rule 7(B) in light of his character and the nature of the offenses. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and

recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

[8] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[9] The trial court imposed the maximum possible sentence for a Level 6 felony, which is two-and-one-half years. *See* Ind. Code § 35-50-2-7(b). However, by ordering the sentences served concurrently, the trial court did not impose the maximum penalty Hughes was facing. Regarding the nature of the offenses, Hughes engaged in a mini-crime spree while under the influence of

methamphetamine. He broke or entered several vehicles and stole property he found in them in hopes of supporting his drug habit.

[10] As for Hughes's character, it clearly supports the trial court's sentence. Hughes has a very extensive criminal history, consisting primarily of drug-related and/or property offenses. As a juvenile, Hughes had one true finding for what would be Class D felony theft and three true findings for what would be Class A misdemeanor conversion. Since becoming an adult in 1991, Hughes has convictions for Class C felony fraud, Class C felony forgery, Class D felony possession of methamphetamine, Class D felony escape, Class D felony auto theft, five convictions for Class D felony theft, three convictions for Class A misdemeanor conversion, three convictions for Class A misdemeanor criminal trespass, single Class A misdemeanor convictions for resisting law enforcement, possession of paraphernalia, and driving without a license, and a conviction for Class B misdemeanor public intoxication. Hughes also violated probation on numerous occasions. The significance of a criminal history in determining a defendant's sentence "'varies based on the gravity, nature and number of prior offenses as they relate to the current offense.'" *Bryant v. State*, 841 N.E.2d 1154, 1156-57 (quoting *Wooley v. State*, 716 N.E.2d 919, 929 n. 4 (Ind. 1999)). The sheer number of Hughes's convictions is staggering, and they reveal a consistent of pattern of criminal activity that simply has not been dissuaded in any way for nearly three decades. Although Hughes did indeed plead guilty, which can be an indication of positive character, any such indication is heavily outweighed

by his criminal history, not to mention that he was offered participation in drug court in exchange for that plea.

[11] Hughes contends that his undisputed drug addiction problems warrant a lesser sentence. We disagree. Although we are aware of the difficulties such an addiction presents to an individual, Hughes has had many opportunities to rid himself of those difficulties, most recently by being offered participation in a drug court treatment program in lieu of prosecution. Hughes did not successfully complete that program. Regardless of what is motivating Hughes's criminal conduct, an extended period of incarceration is necessary at this point to protect the public from that conduct.

## Conclusion

[12] Hughes's sentence is not inappropriate in light of the nature of the offenses and his character. We affirm.

[13] Affirmed.

Kirsch, J., and Robb, J., concur.