## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 21 2017, 9:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery A. Earl
Danville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lori L. Cinelli, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 21, 2017 <br><br> Court of Appeals Case No. 32A05-1702-CR-269 <br><br> Appeal from the Hendricks Superior Court <br><br> The Honorable Karen M. Love, Judge <br><br> Trial Court Cause No. 32D03-1602-F2-6 |

**Robb, Judge.**

# Case Summary and Issue

[1] Lori Cinelli pleaded guilty to one Level 2 felony and two Level 3 felony counts of dealing in methamphetamine. Cinelli appeals her ten-year sentence, raising the sole issue of whether the trial court's order that she serve eight years of her sentence at the Indiana Department of Correction ("DOC") is inappropriate. Concluding her placement was not inappropriate, we affirm.

# Facts and Procedural History

[2] On three separate occasions in late 2015 and early 2016, Cinelli sold methamphetamine while in the presence of a one-year-old and a three-year-old child. The State charged Cinelli with one count of Level 2 felony dealing in methamphetamine, two counts of Level 3 felony dealing in methamphetamine, two counts of Level 5 felony possession of methamphetamine, and one count of Level 6 felony possession of methamphetamine.

[3] In November 2016, Cinelli reached a plea agreement with the State and pleaded guilty to one count of Level 2 felony dealing in methamphetamine and two counts of Level 3 felony dealing in methamphetamine. The plea agreement provided the State would dismiss the remaining charges and Cinelli's sentence would be determined by the trial court, "subject to a maximum of [ten years] on each count served concurrently at the [DOC]." Appellant's Appendix, Volume 2 at 53.

[4] The trial court accepted the plea agreement and proceeded to a sentencing hearing. Because the minimum allowable sentence for a Level 2 felony is ten years and the agreement called for the sentences to be concurrent, the parties and the trial court agreed the issue was whether any of the sentence would be suspended or served in community corrections. The State advocated for a fully executed sentence. Cinelli argued her sentence was best served in community corrections so she could care for her mother, continue working part-time, and participate in substance abuse treatment. The trial court found Cinelli's criminal history and the fact she knew her buyer was addicted to methamphetamine to be aggravating factors. The trial court found Cinelli's mental health issues, substance abuse, and difficult childhood to be mitigating factors but did not give her acceptance of responsibility by pleading guilty substantial weight given the amount of evidence possessed by the State.

[5] The trial court sentenced Cinelli to ten years with eight years executed in the DOC and the remainder suspended to home detention. Cinelli now appeals.

# Discussion and Decision

[6] Cinelli acknowledges that she received the minimum sentence allowed by law and the plea agreement, but asks us to reduce the portion of her sentence to be executed at the DOC, alleging her placement is inappropriate in light of the nature of her offenses and her character.

# I. Standard of Review

The Indiana Constitution authorizes appellate review and revision of criminal sentences. Ind. Const. art. 7, §§ 4, 6. If, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the defendant, we may revise the sentence accordingly. Ind. Appellate Rule 7(B). In assessing whether a sentence is inappropriate, appellate courts may take into account whether a portion of the sentence is suspended or otherwise crafted using the variety of sentencing tools available to the trial judge. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). The defendant bears the burden of persuading this court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The location where a sentence is to be served is an appropriate focus for application of our review and revise authority. *Biddinger v. State,* 868 N.E.2d 407, 414 (Ind. 2007). However, it is "quite difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate." *Fonner v. State,* 876 N.E.2d 340, 343 (Ind. Ct. App. 2007). We consider both prongs of Rule 7(B), the nature of the offense and the character of the defendant, in our assessment of the inappropriateness of a sentence. *Connor v. State*, 58 N.E.3d 215, 219 (Ind. Ct. App. 2016). Additionally, "[a] defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate." *Fonner,* 876 N.E.2d at 344.

# II. Inappropriate Sentence

Cinelli pleaded guilty to three counts of dealing in methamphetamine, the most serious being a Level 2 felony. "The advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The sentencing range for a Level 2 felony is between ten and thirty years, with an advisory sentence of seventeen and one-half years. Ind. Code § 35-50-2-4.5.

Cinelli argues the nature of her offense was less severe than the State contended at sentencing. The "nature of the offense" prong compares the defendant's actions with the required showing to sustain a conviction under the charged offense. *Anderson v. State,* 989 N.E.2d 823, 827 (Ind. Ct. App. 2013). Cinelli sold methamphetamine in the company of children on three separate occasions. The methamphetamine totaled more than 14 grams, a substantial amount considering the requirement for a Level 2 felony dealing in methamphetamine charge is 10 grams. *See* Ind. Code § 35-48-4-1.1(e)(1). Cinelli then pleaded guilty to three counts of dealing in methamphetamine and received the minimum possible sentence.

In support of her argument, Cinelli downplays the fact she knew the buyer was addicted to drugs because "it is a stretch to imagine that the clear majority of buyers in illegal drug transactions are not addicted to drugs[,]" and points to the fact that Cinelli was addicted to drugs herself. Appellant's Brief at 9. Of course, this is true in most drug transactions and therefore is likely a

consideration the legislature made when defining the crime and its consequences. Cinelli also argues although the offense was committed in front of children, they were likely too young to be "cognizant of what was occurring." *Id.* Even if we thought the only danger of drug transactions in front of children is that they may be "cognizant of what was occurring," we would still find Cinelli's arguments on this point unpersuasive. We cannot say there is anything about the nature of her crimes that makes eight years executed in the DOC inappropriate.

[12] In considering Cinelli's character, it is appropriate to examine her criminal history. *See Bryant v. State,* 841 N.E.2d 1154, 1156-57 (Ind. 2006). Cinelli's criminal history consists of four misdemeanor convictions, numerous arrests, and probation violations have been filed against her during each of her two prior placements on probation. Criminal history and frequent contact with the criminal justice system reflects negatively on one's character. *See, e.g., Rutherford v. State,* 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (concluding that although the defendant's criminal history was not aggravating "to a high degree," it was still a poor reflection on his character).

[13] Cinelli argues she needs mental health and substance abuse treatment which can be best provided in the context of home detention. She does not demonstrate, however, that she can only obtain this treatment outside the DOC. Thus, Cinelli's argument is essentially one in favor of a more appropriate sentence, not an explanation of why her sentence is inappropriate. That is not the question posed by Appellate Rule 7(B). *See Fonner,* 876 N.E.2d

at 344 (noting "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate"). We find nothing about Cinelli's character rendering her sentence inappropriate.

# Conclusion

[14] After our review of the record and due consideration of the trial court's decision, we cannot say that Cinelli's placement in the DOC for eight years of her ten-year sentence is inappropriate. Her sentence is therefore affirmed.

[15] Affirmed.

Riley, J., and Pyle, J., concur.