## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 23 2018, 9:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean C. Mullins
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lawrence Paul Whitfield,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 23, 2018

Court of Appeals Case No.
45A03-1711-CR-2613

Appeal from the Lake Superior Court

The Honorable Samuel L. Cappas, Judge

Trial Court Cause No.
45G04-1705-F4-21

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Lawrence Paul Whitfield (Whitfield), appeals his aggravated five-year sentence following a guilty plea to robbery, a Level 5 felony, Ind. Code § 35-42-5-1(1).

We affirm.

# ISSUE

Whitfield presents us with one issue on appeal, which we restate as: Whether the aggravated sentence is inappropriate in light of the nature of the offense and Whitfield's character.

# FACTS AND PROCEDURAL HISTORY

On April 3, 2017, nineteen-year-old Whitfield and a friend knocked on the door of sixty-seven-year-old Charles Hicks' (Hicks) residence. When Hicks, a family friend, opened the door, Whitfield and his friend "forced" themselves into the home. (Appellant's App. Vol. II, p. 9). Inside, Whitfield "began threatening [Hicks] and took his phone and wallet containing $87." (Appellant's App. Vol. II, p. 9). Then, Whitfield walked Hicks to the bank where Whitfield "forced [Hicks] to withdraw money from his account." (Appellant's App. Vol. II, p. 9). Hicks withdrew $30, of which Whitfield took half. At the bank, Hicks managed to warn the teller that he was being held against his will and police were called.

On May 3, 2017, the State filed an Information, charging Whitfield with burglary, a Level 4 felony; robbery, a Level 5 felony; residential entry, a Level 6 felony; and kidnapping, a Level 6 felony. On September 13, 2017, pursuant to a plea agreement with the State, Whitfield pled guilty to Level 5 felony robbery, with all other charges to be dismissed and sentencing left open to the trial court. On October 11, 2017, the trial court conducted a sentencing hearing and sentenced Whitfield to an aggravated sentence of five years, with three years executed, one year in community corrections, and one year suspended to probation.

Whitfield now appeals. Additional facts will be provided if necessary.

## DISCUSSION AND DECISION

Whitfield contends that the trial court's imposition of an aggravated sentence was inappropriate in light of his character and the nature of the offense. He requests us to reduce his sentence to be a mitigated, suspended sentence, served on probation. The Indiana Constitution authorizes appellate review and revision of criminal sentences. Ind. Const. art. 7, §§ 4, 6. If, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the defendant, we may revise the sentence accordingly. Ind. Appellate Rule 7(B). In assessing whether a sentence is inappropriate, appellate courts may take into account whether a portion of the sentence is suspended or otherwise crafted using the variety of sentencing tools available to the trial court. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). The defendant bears the burden of persuading this court that

his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[8] Whitfield pled guilty to robbery as a Level 5 felony. "The advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The sentencing range for a Level 5 felony is a "fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." I.C. § 35-50-2-6(b). Here, the trial court imposed an aggravated sentence of five years.

[9] The "nature of the offense" prong compares the defendant's actions with the required showing to sustain a conviction under the charged offense." *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. Looking at the circumstances before us, we note that Whitfield forced himself into the home of an elderly family friend and threatened him into handing over his phone and wallet, containing $87. After robbing Hicks in his own residence, Whitfield escorted him to the bank and forced him to withdraw $30, of which Whitfield took half. The trial court summarized the situation succinctly as:

> This crime was not necessarily about the amount of money. This crime is about invading someone's home and manipulating him and intimidating him and invading his privacy. A man's home is supposed to be his castle. You broke that rule. You are a situation of the young and the strong preying on the weak and the old.

(Sent. Transcript p. 25).

[10]     In considering Whitfield's character, it is appropriate to examine his criminal history. *See Bryant v. State*, 841 N.E.2d 1154, 1156-57 (Ind. 2006). Although still young, Whitfield has already amassed a criminal record, which includes at least eleven contacts with law enforcement. The trial court reflected during the sentencing hearing:

> You know, so then look at your presentence report. You had two juvenile cases. And then starting in 2015, you get – as an adult, you get disorderly conduct, criminal trespass, an auto theft, criminal damage to property, this burglary/robbery, another disorderly conduct, another criminal trespass, failure to return to lawful detention. And the theft is a misdemeanor. As the State points out 11 [contacts with the juvenile justice system]. So nine were after you assured [the juvenile trial court judge] that you weren't going to do anything. So nine times, from my perspective, you broke that vow to him. And you stand here in front of me making the same vow. I've got to tell you, your credibility is not too good with me, because you have [a] pattern of not conforming yourself to the norms of society.

(Sent. Tr. pp. 23-24). Whitfield has received probation, deferments, and pre-trial work release, but has violated the trial court's gifts of leniency numerous times. In fact, the record reflects that during pre-trial detention in the instant case, Whitfield failed to report back to community corrections after leaving for a job interview on June 15, 2017. We have frequently held that criminal history and frequent contact with the criminal justice system reflects negatively on one's character. *See, e.g., Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (concluding that although the defendant's criminal history was not aggravating "to a high degree," it was still a poor reflection on his character).

Even by pleading guilty to a Level 5 felony, Whitfield received a substantial benefit already as he was facing a sentencing exposure of seventeen years.

[11] We are not persuaded by Whitfield's argument that he "never took advantage of the victim's 'feeble' stature, or otherwise exerted his own 'athletic build' on the victim by means of preying on the weak. Instead, it would appear that Whitfield simply gave instructions to the victim, which the victim then followed." (Appellant's Br. p. 8). This is merely an attempt to shift the blame to where it does not belong: the victim. We cannot find anything redeeming about Whitfield's character, such as substantial virtuous traits or persistent examples of good behavior, which could suggest a downward revision of his sentence. *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Accordingly, based on Whitfield's character and the nature of the offense, his aggravated sentence was not inappropriate.

## CONCLUSION

[12] Based on the foregoing, we conclude that the trial court's imposition of an aggravated sentence is not inappropriate in light of the nature of the offense and Whitfield's character.

[13] Affirmed.

[14] May, J. and Mathias, J. concur